IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-2494

ALEXANDRA C. LAGUARDIA,

    Plaintiff,

v.

CASTELLANO 03 TRUCKING, L.L.C.,
a Texas limited liability company, and
ROGEL LAZARO AGUILERA-MEDEROS,
individually,

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Alexandra C. LaGuardia, by and through her attorneys, Kiel & Trueax, L.L.C., and for her Complaint against Defendants Castellano 03 Trucking, L.L.C., a Texas limited liability company, and Rogel Lazaro Aguilera-Mederos, individually, alleges and states as follows:

### PARTIES AND JURISDICTION

1. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact herein is wholly between citizens of different states.

2. Jurisdiction is conferred on this Court by reason of 28 USC §1332(a).

3. Venue is proper by reason of 28 USC §1391(b)(2).

4. At all pertinent times mentioned herein, Plaintiff, Alexandra C. LaGuardia, was a natural person, a citizen of the United States, domiciled within Jefferson County, State of Colorado, and a taxpayer of both Jefferson County and the State of Colorado.

5. At all pertinent times mentioned herein, Defendant Castellano 03 Trucking, L.L.C. ("Castellano") was a limited liability company created and existing under the laws of the State of Texas, with its principal place of business at 12010 Fork Creek Drive in Houston, Texas.

6. At all pertinent times mentioned herein, Defendant Rogel Lazaro Aguilera-Mederos ("Aguilera-Mederos") was a resident of the State of Texas.

## GENERAL ALLEGATIONS

7. At all times mentioned herein, Defendant Castellano was a licensed motor carrier pursuant to 49 USC §13102(14) and was authorized to transport property in interstate commerce under U.S. DOT Number 3029296.

8. At all times mentioned herein, Aguilera-Mederos was an employee of Castellano and was operating a commercial motor vehicle in interstate commerce pursuant 49 CFR §390.5 on behalf of Castellano.

9. On April 25, 2019, Aguilera-Mederos was acting within the course and scope of his employment with Castellano while operating a tractor/semi-trailer owned and operated by Castellano while driving on Interstate Highway 70 ("I-70").

10. Aguilera-Mederos was operating Castellano's tractor/semi-trailer with its knowledge, permission, and consent on April 25, 2019.

## FACTUAL ALLEGATIONS

11. On April 25, 2019, Aguilera-Mederos, while operating the said tractor/semi-trailer on eastbound I-70 near milepost 254, began swerving across all three lanes of traffic while traveling at nearly twice the speed limit for commercial vehicles.

12. Aguilera-Mederos continued to drive down eastbound I-70 in a reckless and unreasonable manner, passing underneath a flashing caution sign that identified a runaway truck ramp 2000 feet ahead.

13. Despite having an unobstructed path to the runaway truck ramp, Aguilera-Mederos failed to exit the highway at the runaway truck ramp and continued down I-70, swerving through all three lanes of traffic and running other motorists off the road.

14. As Aguilera-Mederos approached Denver West Parkway he entered the right-hand shoulder of eastbound I-70 in an attempt to pass a line of vehicles stopped in the eastbound lanes of I-70 but then swerved back into the right-hand lane of I-70, crashing into the line of traffic already stopped on the roadway.

15. The tractor/semi-trailer being driven by Aguilera-Mederos rear-ended the line of stopped vehicles at over 80 miles per hour.

16. One of the vehicles stopped in the line of traffic was a 1997 Jeep Wrangler owned and being driven by Plaintiff Alexandra C. LaGuardia.

17. As a consequence of the tractor/semi-trailer rear-ending the line of stopped vehicles, the Jeep being driven by Plaintiff Alexandra C. LaGuardia was struck by a vehicle from behind and propelled forward causing the front end of her Jeep to ramp up onto the

vehicle stopped in front of her. The crash caused multiple explosions and engulfed Plaintiff's Jeep in fire, totally destroying her Jeep and all of its contents.

### FIRST CLAIM FOR RELIEF
### Negligence (Defendant Aguilera-Mederos)

18. Plaintiff incorporates by reference paragraphs 1 through 17 above.

19. Aguilera-Mederos was negligent in the operation of Castellano's tractor/semi-trailer by:

   a. failing to use reasonable care in the operation of the tractor/semi-trailer;

   b. failing to properly inspect the tractor/semi-trailer's brakes;

   c. failing to use reasonable care while driving the tractor/semi-trailer through the steep grades of I-70;

   d. failing to adjust his speed to safely navigate the steep grades of I-70;

   e. failing to adjust his braking in the steep grades of I-70;

   f. failing to use runaway truck ramps positioned along I-70 after Aguilera-Mederos knew or reasonably should have known that the brakes of the tractor/semi-trailer had failed; and

   g. driving at a speed greater than reasonable under existing conditions.

### SECOND CLAIM FOR RELIEF
### Negligence *Per Se* (Defendant Aguilera-Mederos)

20. Plaintiff incorporates by reference paragraphs 1 through 19 above.

21. Aguilera-Mederos was in violation of one or more provisions of Colorado law

including, but not limited to, C.R.S. § 42-4-1401, reckless driving, C.R.S. § 42-4-1402(1), operating a motor vehicle in a careless and imprudent manner, and C.R.S. § 42-4-1402(2)(b), careless driving causing bodily injury.

22. At the time of the crash, C.R.S. §§ 42-1401 and 1402 were in effect.

23. Aguilera-Mederos violated C.R.S. §§ 42-4-1401 and 1402.

24. The purpose of these and other similar provisions is to prevent the types of injuries, damages, and losses Plaintiff Alexandra C. LaGuardia sustained in this crash.

25. Aguilera-Mederos' violation of these statutes constitutes negligence *per se*.

### THIRD CLAIM FOR RELIEF
### Vicarious Liability (Defendant Castellano 03 Trucking, L.L.C.)

26. Plaintiff incorporates by reference paragraphs 1 through 25 above.

27. At all times relevant, Aguilera-Mederos was using and operating the tractor/semi-trailer for the benefit of, under the supervision of, and in connection with the business of Castellano.

28. At all times relevant, Aguilera-Mederos was using and operating the tractor/semi-trailer as an agent or employee of Castellano.

29. At all times relevant, Aguilera-Mederos was acting within the scope of Defendant Castellano's employment and authority.

30. Pursuant to the Motor Carrier Safety Regulations as adopted by the State of Colorado, Castellano is legally responsible for the acts and omissions of Aguilera-Mederos in connection with the crash.

31. Aguilera-Mederos was, and is, considered a statutory employee of Castellano

pursuant to Title 49 § 14102 of the United States Code and pursuant to 49 CFR § 390.5, rendering Castellano vicariously liable for all negligent acts and omissions of its employee driver.

32. As a result of its legal relationship and its responsibilities for the acts and omissions of Aguilera-Mederos, Castellano is responsible for the damages and losses suffered by Plaintiff as a result of Aguilera-Mederos' conduct.

33. The above-described collision was the sole and proximate result of Defendant Aguilera-Mederos' negligent and careless operation of a motor vehicle.

34. The negligence of Defendant Aguilera-Mederos is imputed to Defendant Castellano pursuant to the doctrine of *respondeat superior*.

35. As a direct and proximate result of the negligence of Defendant Aguilera-Mederos, heretofore alleged, Plaintiff sustained multiple injuries, mental anguish, pain and suffering, permanent disability, permanent physical disfigurement, and a loss of enjoyment of life.

36. As a further direct and proximate result of the negligence of Defendant Aguilera-Mederos, as heretofore alleged, Plaintiff has been rendered unable to attend to her usual occupation and duties and will be unable to attend to them in the future. As a result, Plaintiff Alexandra C. LaGuardia has sustained a loss of past earnings and her earning capacity has been greatly impaired and will continue to be impaired in the future throughout the rest of her natural life.

37. As a further direct and proximate result of the negligence of Defendant

Aguilera-Mederos, as heretofore alleged, Plaintiff has incurred reasonable and necessary doctors' bills, hospital bills, bills for medications, and expenses for therapeutic treatment, and will incur in the future such bills, costs and expenses.

38. As a further direct and proximate result of the negligence of Defendant Aguilera-Mederos, as heretofore alleged, Plaintiff sustained the loss of her 1997 Jeep Wrangler.

WHEREFORE, Plaintiff, Alexandra C. LaGuardia requests that judgment be entered in her favor against Defendants Castellano 03 Trucking, L.L.C., a Texas limited liability company, and Rogel Lazaro Aguilera-Mederos, individually, in an amount to be determined at trial, plus costs, interest from the date of the incident as provided by law, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 30th day of August, 2019.

KIEL & TRUEAX, L.L.C.

By: *[signature]*
Joseph Kiel
ATTORNEYS FOR PLAINTIFF

Plaintiff's address:

6034 Meadow Drive
Morrison, CO 80461